CALOGERO, Justice,
concurs in the denial.
This Court has already ruled that petitioner’s Fifth, Sixth, Eighth and Fourteenth Amendments were not violated by the trial court’s refusal to grant petitioner’s wife use immunity for testimony at either the guilt or sentencing phase of petitioner’s trial. However, I adhere to my minority view expressed in dissent originally, that Mrs. Mattheson should have been granted use immunity when she invoked her Fifth Amendment right and refused to testify. She was really the only eye witness to whether defendant intentionally killed, or his gun accidentally discharged. The right of the defendant, who was convicted and sentenced to death, to call Mrs. Mattheson and have her testify, in my view, outweighs the unconsequential benefit to the state in not affording her immunity, not from prosecution, but immunity from the state’s later use of testimony and derivative evidence given under compulsion (use immunity).